FILED



SEP 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN O. PETERSEN, on behalf of L.P., a minor and beneficiary and as Personal Representative of the estate of Steven V. Petersen,

               Plaintiff-Appellant,

  v.

LEWIS COUNTY, a political subdivision of the State of Washington; MATTHEW MCKNIGHT,

               Defendants-Appellees.

No.   14-35201

D.C. No. 3:12-cv-05908-RBL
Western District of Washington, Tacoma

ORDER

Before:  HAWKINS and McKEOWN,[*] Circuit Judges.

The request for rehearing is granted with respect to the excessive force issue.

The previous Memorandum (Dkt. 47) is withdrawn and shall be replaced with the

Amended Memorandum filed concurrently with this order.

The full court has been advised of the petition for rehearing en banc, and no

judge has requested a vote on whether to rehear the matter en banc. Fed. R. App.

P. 35.

---

[*] The Honorable Andre M. Davis, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, is no longer sitting by designation due to his retirement.

The petition for rehearing is denied except to the extent noted above.

**IT IS SO ORDERED.**

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN O. PETERSEN, on behalf of
L.P., a minor and beneficiary and as
Personal Representative of the estate of
Steven V. Petersen,

Plaintiff-Appellant,

v.

LEWIS COUNTY, a political subdivision
of the State of Washington; MATTHEW
MCKNIGHT,

Defendants-Appellees.

No.    14-35201

D.C. No. 3:12-cv-05908-RBL

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted September 2, 2016
Seattle, Washington

Before: HAWKINS and McKEOWN,[**] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, is no longer sitting by designation due to his retirement.

Steven Petersen appeals the district court's grant of Lewis County's ("the County") and Matthew McKnight's motion for summary judgment on qualified-immunity grounds in Petersen's 42 U.S.C. § 1983 lawsuit arising from the shooting of his son. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the grant of summary judgment. *See Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1135 (9th Cir. 2001). We consider this case on remand from the Supreme Court and affirm.

The district court erred by finding that there were material factual disputes regarding whether McKnight's use of deadly force was reasonable. The record reflects that Petersen refused to heed McKnight's commands and started to charge McKnight. At the time he used force, McKnight knew that a person matching Petersen's description was in the area and might be armed with a knife. Given these facts, McKnight's actions were reasonable; he did not act with excessive force in violation of Petersen's constitutional rights.

Even if McKnight had acted unreasonably, Petersen failed to identify any clearly established law putting McKnight on notice that, under these facts, his conduct was unlawful. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam) (reiterating "the longstanding principle that 'clearly established law' should not be

2

defined 'at a high level of generality'" (citations omitted)). The district court therefore correctly granted qualified immunity to McKnight on the excessive force claim.

The district court appropriately granted summary judgment to the County on Petersen's municipal liability claim. Petersen failed to present evidence that any of the County's policies were a "moving force" behind the shooting. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Additionally, Petersen failed to identify deficiencies in McKnight's training that establish a showing of deliberate indifference. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("[A] municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (alteration in original))).

Likewise, the district court appropriately granted summary judgment to the County and McKnight on Petersen's substantive due process claim because he failed to show that McKnight's actions "shock[] the conscience." *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (outlining the standard for executive action that violates substantive due process).

3

The district court properly granted summary judgment for McKnight on the state-law negligence claim because, for the reasons addressed above regarding Petersen's excessive force claim, McKnight's actions were reasonable. *Gallegos v. Freeman*, 291 P.3d 265, 277 (Wash. Ct. App. 2013) ("An officer is entitled to state law qualified immunity where the officer (1) carries out a statutory duty, (2) according to procedures dictated to him by statute and superiors, and (3) *acts reasonably*." (emphasis added) (internal quotation marks and citations omitted)). Therefore, summary judgment was also properly granted for the County on Petersen's vicarious liability claim.

Finally, the district court appropriately granted summary judgment for the County on Petersen's state-law claims for failure to train and negligent supervision because there is no indication that McKnight acted outside the scope of his employment. *Id.* at 257 ("Under Washington Law, . . . a claim for negligent hiring, training, and supervision is generally improper when the employer concedes the employee's actions occurred within the course and scope of the employment.").

Each party shall bear its own costs on appeal.

**AFFIRMED.**

4